IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THE ESTATE OF GILBERT BARBER by and through its administrators, JESSIE BARBER and CALVERT STEWART | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:03CV547 |
| B.J. BARNES, in his individual capacity and official capacity as the Sheriff of Guilford County, THOMAS GORDY, in his individual and official capacity as a Deputy Sheriff, the GUILFORD COUNTY SHERIFF'S DEPARTMENT, and PEERLESS INSURANCE CO., surety for Guilford County Sheriff's Department, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Defendants' Motion for Attorney's Fees [Document #77]. The Court previously granted summary judgment to Defendants and dismissed Plaintiffs' claims with prejudice because Plaintiffs failed to come forward with sufficient evidence to justify submission of the matter for a jury verdict as to any of their claims. (See Order and Judgment dated June 29, 2006.) Defendants now contend that an award of attorney's fees is appropriate under 42 U.S.C. § 1988 and under 28 U.S.C. § 1927.

Under 42 U.S.C. § 1988, "[i]n any action or proceeding to enforce [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable

attorney's fee as part of the costs." 42 U.S.C. § 1988(b). However, attorney's fees should not be awarded to the prevailing defendant against the non-prevailing plaintiff unless the court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless," or that "the plaintiff continued to litigate after it clearly became so." Hutchinson v. Staton, 994 F.2d 1076, 1980 (4th Cir. 1993) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978)); see also Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 766 (4th Cir. 2003).

As a separate matter, attorney's fees may be awarded under 28 U.S.C. § 1927 against an attorney personally if the attorney acts in bad faith and multiplies the proceedings unreasonably and vexatiously. See 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991) (noting that fees are appropriate under § 1927 only if the court finds that the attorney acted in bad faith).

In the present case, the Court has reviewed the record and the arguments presented by the parties. Having done so, the Court concludes that although Defendants ultimately prevailed at summary judgment, Plaintiffs' claims were not so frivolous, unreasonable, or groundless to justify an award of attorney's fees under § 1988, particularly since Plaintiffs voluntarily dismissed their racial discrimination claims, which they admitted they could not prove, following discovery

and in response to Defendants' Motion for Summary Judgment. In addition, the Court finds that there is no evidence that Plaintiffs' counsel acted in bad faith or multiplied the proceedings unreasonably or vexatiously in the present suit. Defendants have already received an award of $1,071.20 in costs, to which they were entitled under 28 U.S.C. § 1920. However, the Court finds no basis to impose an additional award of attorney's fees under either 42 U.S.C. § 1988 or 28 U.S.C. § 1927. Therefore, Defendants' request for attorney's fees will be denied.

IT IS THEREFORE ORDERED that Defendants' Motion for Attorney's Fees [Document #77] is hereby DENIED.

This, the 10th day of January, 2007.

/s/ James A. Beaty
United States District Judge

3

Case 1:03-cv-00547-JAB   Document 88   Filed 01/10/07   Page 3 of 3